IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHVILLE DIVISION
CIVIL ACTION NO.: 1:21-cv-89

| | |
|---|---|
| ESSENTIA INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) **VERIFIED COMPLAINT FOR** |
| | ) **DECLARATORY JUDGMENT** |
| JAMES L. RICH, | ) |
| Defendant. | ) |

NOW COMES Unnamed Defendant Essentia Insurance Company, by and through the undersigned counsel, and for its Verified Complaint for Declaratory Judgment against Defendant James L. Rich, alleges and says as follows:

## THE PARTIES

1. Essentia Insurance Company ("Essentia") is a corporation organized and existing under the laws of the State of Missouri with its principal place of business in Glen Allen, Henrico County, Virginia.

2. Upon information and belief, James L. Rich ("Defendant Rich") is a citizen and resident of Waynesville, Haywood County, North Carolina.

3. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the fact that the matter in controversy exceeds seventy-five thousand dollars ($75,000.00).

## NATURE OF THE ACTION

4. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et. seq.*

5. Essentia seeks a declaratory judgment regarding its rights and obligations under a policy of insurance issued to Defendant Rich.

## FACTUAL BACKGROUND

6. On June 13, 2016, Defendant Rich was involved in a motor vehicle accident in Jackson Country, North Carolina, wherein the vehicle in which he was driving, and which he owned, collided with a vehicle driven by Pearlene Allen ("the Accident").

7. Upon information and belief, at the time of the Accident, Pearlene Allen was insured under an insurance policy issued by Nationwide Mutual Insurance Company ("Nationwide") and providing bodily injury liability coverage in the amount of $30,000 per person ("the Nationwide Policy").

8. At the time of the Accident, Defendant Rich was insured under an insurance policy issued by Essentia to Defendant Rich and Robin Rich, policy number 0N92796, with effective dates of May 13, 2016 to May 13, 2017 ("the Essentia Policy").

9. A true and accurate copy of the Essentia Policy is attached hereto as **Exhibit A**.

10. The Essentia Policy provides underinsured motorist coverage, in accordance with the terms and conditions therein, in the amount of $50,000 per person and $100,000 per accident.

11. The Essentia Policy, in **PART C2- COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE**, contains an exclusion which provides in part:

> C. We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured**:
>
> 1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

> a. have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle**; and
>
> b. we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

12. On March 15, 2019, Defendant Rich executed a Release of Primary Carrier and A Covenant Not to Enforce Judgment Against Tort-Feasor ("Covenant") wherein he settled his claim against Pearlene Allen in connection with the Accident in exchange for payment by or on behalf of Nationwide in the amount of $30,000.

13. A genuine copy of the Covenant is attached hereto as **Exhibit B.**

14. Essentia was not notified of the settlement with Pearlene Allen until after Defendant Rich had already settled his claim against Pearlene Allen and executed the Covenant.

15. Essentia was not provided with 30 days advance written notice of Defendant Rich's settlement with Pearlene Allen.

16. Essentia was first provided with a copy of the executed Covenant on October 5, 2020.

17. Defendant Rich did not provide Essentia with written notice of his intention to settle his claim against Pearlene Allen or give Essentia the opportunity to advance the settlement funds prior to entering into the settlement with Pearlene Allen.

18. Therefore, underinsured motorist coverage is excluded under the Essentia Policy for the bodily injuries sustained by Defendant Rich as a result of the Accident.

19. Additionally, pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), Defendant Rich was required to provide Essentia with 30 days advance written notice of his settlement with Pearlene Allen.

20. Defendant Rich's failure to provide Essentia with 30 days advance written notice of his settlement with Pearlene Allen bars his right to recover underinsured motorist benefits under the Essentia Policy for bodily injuries sustained in the Accident.

21. Upon information and belief, the Covenant has not been rescinded and is still in full force and effect.

22. The Covenant serves as a release of Defendant Rich's claims against Pearlene Allen in connection with the Accident.

23. All subrogation rights of Essentia against Pearlene Allen, as provided for by N.C. Gen. Stat. § 20-279.21(b)(4) and the Essentia Policy, were extinguished by Defendant Rich's settlement of his claim against Pearlene Allen and his execution of the Covenant.

24. Defendant Rich breached his statutory and policy obligations to the prejudice of Essentia.

25. If it should be determined that there is coverage through the Essentia Policy, which is herein again denied, then Essentia is entitled to share in any setoff for payment of liability coverage against its alleged underinsured motorist coverage on a pro rata basis with any other insurers providing primary underinsured motorist coverage for the bodily injuries sustained by Defendant Rich in the Accident.

## **DECLARATORY RELIEF SOUGHT**

26. Upon information and belief, Defendant Rich contends he is entitled to recover underinsured motorist benefits under the Essentia Policy for bodily injuries he sustained in the Accident.

27. Essentia contends Defendant Rich is not entitled to recover underinsured motorist benefits under the Essentia Policy for bodily injuries he sustained in the Accident because he has materially breached the subrogation provision of the Essentia Policy and applicable state law.

28. A real and justiciable controversy exists between Essentia and Defendant Rich regarding the parties' respective rights and obligations in connection with the Accident.

WHEREFORE, Essentia prays for the following relief:

1. That the Court enter judgment declaring that Defendant Rich is not entitled to underinsured motorist benefits under the Essentia Policy for any bodily injuries he sustained as a result of the Accident;

2. That the Court declare and adjudicate all other rights and obligations between the parties under the Essentia Policy;

3. For such other and further equitable, legal and declaratory relief as the Court deems just and proper.

This the 1st day of April, 2021.

              **CRANFILL SUMNER LLP**

        By: /s/ Jennifer A. Welch
           JENNIFER A. WELCH
           State Bar No. 31360
           Attorneys for Essentia Insurance Company
           Post Office Box 27808
           Raleigh, North Carolina 27611-7808
           Telephone: (919) 828-5100
           Fax: (919) 828-2277
           E-mail: jwelch@cshlaw.com

# VERIFICATION

I, Adam Beltz, being first duly sworn, deposes and says I am a representative of Essentia Insurance Company; that I have read the foregoing Verified Complaint for Declaratory Judgment and know the contents thereof; that the same are true of my own knowledge except as to those matters and things stated therein upon information and belief, and as to those, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

This the __31____ day of _March_____, 2021.

Essentia Insurance Company

BY: _____[signature]_____

Printed: _____Adam Beltz_____